# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THASHA A. BOYD,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>AT-1221-18-0295-W-1<br><br><br>DATE: December 6, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thasha A. Boyd</u>, McMinnville, Tennessee, pro se.

<u>Mary Bea Sellers</u>, Montgomery, Alabama, for the agency.

<u>Sophia Haynes</u>, Decatur, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's findings as to the retroactivity of the Dr. Chris Kirkpatrick Whistleblower Protection Act of 2017 (Kirkpatrick Act),[2] and to apply the correct standard for analyzing the appellant's hostile work environment claim in the context of an IRA appeal, we AFFIRM the initial decision's dismissal of the appeal for lack of jurisdiction.

## BACKGROUND

¶2      The agency employed the appellant as a Veterans Service Representative, until it removed her effective April 24, 2017. Initial Appeal File (IAF), Tab 9 at 8. On November 8, 2017, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency allowed her coworkers to improperly access her medical and other records in September 2016 and July 2017 in reprisal for filing complaints against the agency and Board appeals. IAF, Tab 6 at 16-25. The appellant claimed, only generally, that the agency's failure to protect her information created a hostile work environment. *Id.* at 23. In a January 2, 2018 letter, OSC notified the appellant that it had terminated its investigation into her complaint. *Id.* at 16.

---

[2] Pub. L. No. 115-73, § 103, 131 Stat. 1235, 1236.

¶3      The appellant filed a timely IRA appeal and declined a hearing.  IAF, Tab 1 at 2, 4-11.  The administrative judge issued an order apprising her of the jurisdictional requirements for an IRA appeal and ordering the parties to submit argument and evidence on jurisdiction.  IAF, Tabs 2-4.  Both parties submitted responses.  IAF, Tabs 6, 9.  In her response, the appellant alleged that the agency improperly accessed her medical records and subjected her to a hostile work environment in reprisal for engaging in protected activity and because they perceived her as a whistleblower.  IAF, Tab 6 at 13-14.  She further claimed that the agency violated the Kirkpatrick Act.  *Id.* at 14.  She attached copies of her OSC complaint, OSC's preliminary determination and close out letters, and a sworn statement explaining that she amended her OSC complaint to include additional protected activity.  *Id.* at 16-25, 32.  She also submitted complaints she had filed with the agency's Office of General Counsel (OGC), emails concerning a discovery request from a prior matter, and a portion of an initial decision from a separate Board appeal.  *Id.* at 26-31, 33-51.

¶4      After considering the parties' submissions, the administrative judge issued an initial decision, based on the written record, dismissing the appeal for lack of jurisdiction.  IAF, Tab 10, Initial Decision (ID) at 1, 3, 16.  He found that, while the appellant had exhausted her administrative remedies with OSC and nonfrivolously alleged that she engaged in protected activity, she did not nonfrivolously allege that the agency had taken or threatened to take a covered personnel action against her.  ID at 11-16.  He found that the appellant's Kirkpatrick Act arguments were irrelevant because the Act did not apply retroactively.  ID at 16.  He further found that the agency's accessing of her records, alone, was insufficient to constitute a nonfrivolous allegation of a significant change in duties, responsibilities, or working conditions, especially when the July 2017 incident occurred after the appellant had separated from agency employment.  ID at 12-15.

¶5    The appellant has filed a petition for review, alleging that she nonfrivolously alleged jurisdiction over her IRA appeal, that she was not properly apprised of her jurisdictional burden, and that she was denied her right to discovery.  Petition for Review (PFR) File, Tab 1 at 4-13.  The agency has filed a response.[3]  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    To establish Board jurisdiction over an IRA appeal, the appellant must have exhausted her administrative remedies before OSC and make nonfrivolous allegations of the following:  (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).[4]  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

<u>The Board lacks jurisdiction over the appellant's 5 U.S.C. § 2302(b)(14) claim.</u>

¶7    On review, the appellant reasserts her contention that the agency allowed unauthorized employees to improperly access her medical records in reprisal for making protected disclosures and engaging in protected activities, in violation of the Kirkpatrick Act.  PFR File, Tab 1 at 7-8; IAF, Tab 6 at 14.  She argues that

---

[3] The agency filed a motion for leave to file a supplemental response addressing the applicability of the Kirkpatrick Act.  PFR File, Tab 3 at 7, Tab 4.  Based on our affirmance of the initial decision, as modified, we deny the agency's motion.

[4] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law.  Section 1097 of the NDAA amended various provisions of Title 5 of the U.S. Code.  We have considered the NDAA amendments, but find that a different outcome is not warranted.

she may raise such a claim because the Kirkpatrick Act applies retroactively.[5] PFR File, Tab 1 at 8-12.

¶8     We construe the appellant's claim as an alleged 5 U.S.C. § 2302(b)(14) violation. However, we need not reach a finding on the retroactivity of the Kirkpatrick Act or consider the appellant's argument and evidence on that issue because, even assuming the retroactivity of that provision, section 2302(b)(14) is not a basis for finding Board jurisdiction over this appeal. Prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Sections 1214(a)(3) and 1221(a), which set forth the Board's authority to review IRA appeals, grant the Board jurisdiction over violations of 5 U.S.C. § 2302(b)(8) and § 2302(b)(9)(A)(i), (B), (C), or (D) in the context of an IRA appeal. *See Salerno*, 123 M.S.P.R. 230, ¶ 5. Because a section 2302(b)(14) violation is not an independent basis for finding jurisdiction in an IRA appeal, and the appellant has not raised her claim in connection with an otherwise appealable action, the Board lacks jurisdiction to consider it. Accordingly, we vacate the administrative judge's findings as to the retroactivity of the Kirkpatrick Act.

The appellant has not proven that she nonfrivolously alleged a covered personnel action.

¶9     The dispositive issue here is whether the appellant raised a nonfrivolous allegation of a personnel action.[6] ID at 16; *see Salerno*, 123 M.S.P.R. 230, ¶ 5.

---

[5] The Kirkpatrick Act was enacted on October 26, 2017. 131 Stat. at 1235. Section 103 (codified at 5 U.S.C. § 2302(b)(14)) amended section 2302(b) of Title 5 by making it a new prohibited personnel practice to access an employee's medical records "as a part of, or otherwise in furtherance of" a prohibited personnel practice as defined by 5 U.S.C. § 2302(b)(1)-(13). 131 Stat. at 1236.

[6] The administrative judge found that the appellant raised a nonfrivolous allegation that she engaged in protected activity by filing a Board appeal, among other complaints. ID at 11-12. In light of that finding, the administrative judge found it unnecessary to address the appellant's perceived whistleblower claims. ID at 12 n.9. The parties have not challenged that finding, and we discern no basis for disturbing it. *See* 5 C.F.R. § 1201.115.

The appellant argues that the accessing of her medical records constitutes an independent personnel action. PFR File, Tab 1 at 12-13. We disagree. Accessing of medical records is not one of the twelve personnel actions expressly listed under 5 U.S.C. § 2302(a)(2)(A).

¶10 Alternatively, the appellant argued that she nonfrivolously alleged that she was subjected to a hostile work environment. PFR File, Tab 1 at 7-8, 11-12. The administrative judge correctly construed the claim as an allegation that she was subjected to a significant change in duties, responsibilities, or working conditions, under 5 U.S.C. § 2302(a)(2)(A)(xii). ID at 12. However, in analyzing whether the appellant nonfrivolously alleged a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii), he relied on case law relevant to establishing a hostile work environment under Title VII. ID at 12-15. We find that his reliance on that precedent was improper. *See Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16. Accordingly, we modify the initial decision to apply the correct analysis to the appellant's hostile work environment claim.

¶11 Under both the Whistleblower Protection Enhancement Act (WPEA) and its predecessor, the Whistleblower Protection Act (WPA), a "personnel action" is defined to include, among other enumerated actions, "any other significant change in duties, responsibilities, or working conditions."[7] 5 U.S.C. § 2302(a)(2)(A)(xii). In *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 23 (2015), *overruled in part on other grounds by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, the Board stated that a hostile work environment itself may constitute a covered personnel action under the WPA. In *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16, the Board clarified that, although the term "hostile work environment" has a particular meaning in other contexts, allegations of a hostile work environment may constitute a personnel action in an IRA appeal only if they meet the statutory criteria under 5 U.S.C.

---

[7] The relevant events occurred after the December 27, 2012 effective date of the WPEA. Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476 (2012). Therefore, we have applied the WPEA to this appeal.

§ 2302(a)(2)(A), i.e., constitute a significant change in duties, responsibilities, or working conditions. Thus, although the "significant change" personnel action should be interpreted broadly to include harassment and discrimination that could have a chilling effect on whistleblowing or otherwise undermine the merit system, only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by section 2302(a)(2)(A)(xii).[8] *Skarada*, 2022 MSPB 17, ¶ 16.

¶12　　The appellant has not identified any practical consequences to her daily activities or working conditions that occurred, at the direction of any agency official or otherwise, because of the alleged accessing of her records. PFR File, Tab 1 at 6-10; IAF, Tab 6 at 9-10, 13-14, 21-22; *see King v. Department of Health and Human Services*, 133 F.3d 1450, 1452-53 (Fed. Cir. 1998) (explaining that an action must have "practical consequences" to constitute a "personnel action" under 5 U.S.C. § 2302(a)(2)(A)). As to the July 2017 incident in particular, there is no possible effect it could have had on her working conditions because it allegedly occurred after her April 2017 separation from agency employment. IAF, Tab 6 at 13-14, Tab 9 at 8. Also, in both instances, the agency employees accessed her records in furtherance of her requests for assistance. IAF, Tab 6 at 13. Accordingly, we find that the appellant's record access claims do not constitute a nonfrivolous allegation that she was subjected to a significant change in duties, responsibilities, or working conditions.

---

[8] Despite the administrative judge's error in citing to Title VII case law, and any failure to provide sufficient jurisdictional notice below, we find that the initial decision properly identified the relevant statutory provisions for alleging a significant change in duties, responsibilities, or working conditions, 5 U.S.C. § 2302(a)(2)(A)(xii), and notified the appellant that a hostile work environment claim was a cognizable personnel action if it met that statutory standard. ID at 12, 15; *see Milam v. Department of Agriculture*, 99 M.S.P.R. 485, ¶ 10 (2005) (finding that an administrative judge's failure to provide an appellant with proper jurisdictional notice can be cured if the initial decision itself puts him on notice so as to afford him the opportunity to meet his burden in the petition for review).

¶13 On review, the appellant alleges that, had the administrative judge also considered those incidents described in her OGC complaint in addition to her improper records access claims, he would have found that she met her jurisdictional burden. PFR File, Tab 1 at 7-8. In her OGC complaint, the appellant alleged that she was "removed" from working in the "Public Contact" area. IAF, Tab 6 at 33-34. She further alleged that other employees laughed "as she walked by," did not greet her upon arrival at training, failed to order her requested lunch item for an office lunch, scrutinized her for not attending various social gatherings, discussed topics that made her feel uncomfortable, and filed retaliatory complaints against her that led to unfair agency investigations. *Id.* at 33-37. She also alleged that she felt threatened when, on one occasion, a coworker sang explicit song lyrics in the training room and allowed a door to shut on her, and that her coworkers harassed her based on her religion by asking her why she did not eat pork, celebrate Thanksgiving, or want her picture taken, without indicating whether any of her coworkers were aware of her religion. *Id.* at 37-38. The administrative judge only considered the alleged unauthorized access of her medical records in support of her hostile work environment claim. ID at 12-15. The appellant has not shown that she notified OSC of the incidents described in her OGC complaint or asserted that she submitted her OGC complaint to OSC. Thus, she has not shown that she exhausted her remedy with OSC as to these incidents, and the administrative judge correctly did not address them. *See Skarada*, 2022 MSPB 17, ¶ 7 (explaining that to satisfy the exhaustion requirement, the appellant must provide OSC with a sufficient basis to pursue an investigation that might lead to corrective action).

¶14 Even assuming the appellant exhausted the claims raised in her OGC complaint, we find that they do not provide a basis for finding jurisdiction over this appeal. In describing her assignment to the Public Contact area, the appellant does not assert that this work was a regular part of her normal duties or allege that the loss of this assignment had a significant impact on her duties or

responsibilities. IAF, Tab 6 at 33-24; *see Wagner v. Environmental Protection Agency*, 51 M.S.P.R. 326, 328 (1991) (finding that the appellant's exclusion from attending one conference was not a significant change in duties, responsibilities, or working conditions). Similarly, the appellant's claims about retaliatory investigations were too vague to constitute a nonfrivolous allegation that the agency took a personnel action against her. IAF, Tab 6 at 36, 38; *Zimmerman v. Department of Housing and Urban Development*, 61 M.S.P.R. 75, 79-80 (1994) (finding that allegations of "continuing reprisal" and "threats" were too vague to constitute personnel actions). Finally, even if true and when viewed in the light most favorable to the appellant, we find that the described cessation of office pleasantries and other minor, occasional slights may have created some discord between the appellant and other employees, but would not be significant enough, either individually or collectively, to constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii). *Cf. Covarrubias v. Social Security Administration*, 113 M.S.P.R. 583, ¶¶ 8, 15 n.4 (2010) (finding that the appellant nonfrivolously alleged a significant change in working conditions when she alleged that her supervisors harassed her about personal telephone calls, closely monitored her whereabouts, followed her to the bathroom, and denied her an accommodation for her spina bifida, which required her to self-catheterize), *overruled on other grounds by Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 n.5 (2014). Accordingly, when considering her allegations individually and collectively, we find that the appellant did not nonfrivolously allege a covered personnel action and therefore has not met her jurisdictional burden.

<u>The appellant has not shown that she was prejudiced by the denial of her right to discovery.</u>

¶15 The appellant also argues that the administrative judge erred in denying her right to discovery. PFR File, Tab 1 at 6-7. She correctly argues that she was entitled to request discovery of relevant materials to assist her in meeting the burden of establishing jurisdiction. *See Russo v. Department of the Navy*,

85 M.S.P.R. 12, ¶ 8 (1999). Consistent with the Board's regulations, the administrative judge set forth the timeline for initiating discovery and notified the parties of the close of the record. IAF, Tab 2 at 3, Tab 5; 5 C.F.R. § 1201.73 (setting forth the Board's discovery procedures). The agency filed a motion to stay discovery, including its response to the appellant's discovery request, and submission of the agency file pending a ruling on jurisdiction. IAF, Tab 8. The administrative judge issued the initial decision the following day, approximately 1 week before the close of the record, while the appellant's discovery request apparently was pending, and without allowing the appellant an opportunity to respond to the agency's motion or issuing a ruling on that motion.

¶16    Even if the administrative judge abused his discretion by not allowing the appellant an opportunity for discovery, the Board will not consider that reversible error absent a showing that it prejudiced her substantive rights. *See Lynch v. Department of Defense*, 114 M.S.P.R. 219, ¶ 11 (2010). We discern no prejudice to the appellant's substantive rights because she has not identified any specific item she sought in discovery that would have been relevant to or otherwise assisted her in meeting her burden on the outstanding jurisdictional issue— whether she nonfrivolously alleged that she was subjected to a covered personnel action.[9] *See Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 13 (2006) (finding no reversible error in the administrative judge's failure to rule on the appellant's motion to compel discovery before issuing the initial decision because his discovery requests did not seek information pertinent to exhaustion, the relevant jurisdictional issue); *cf. Lynch*, 114 M.S.P.R. 219, ¶¶ 6-11 (remanding the appeal for further development of the record because the appellant showed that the administrative judge's error in issuing the initial decision before the close of discovery prevented him from submitting relevant evidence he obtained during

---

[9] The appellant did not submit or otherwise explain the nature of her discovery request in this appeal. The appellant submitted emails entitled "Discovery Request"; however, those emails predate the filing of this appeal and apparently were discovery requests made in another matter. IAF, Tab 1 at 1, Tab 6 at 8-9, 26-30.

discovery).  Therefore, the administrative judge's discovery errors are not a basis for reversing the initial decision.

¶17    Although the administrative judge also erred in issuing the initial decision before the close of the record, the Board likewise will not consider that reversible error absent a showing that it prejudiced the appellant's substantive rights.  ID at 1; IAF, Tab 5; *Crumpton v. Department of the Treasury*, 98 M.S.P.R. 115, ¶ 8 (2004).  The administrative judge issued the initial decision before the expiration of the agency's response period; however, the appellant's period to respond to the jurisdictional order had passed.  ID at 1; IAF, Tab 5.  To the extent that she was improperly denied the opportunity to reply to the agency's jurisdictional response before the issuance of the initial decision, she was not prejudiced by that error because we have considered all of her arguments that she raises on review.  *See Crumpton*, 98 M.S.P.R. 115, ¶ 9.  Therefore, the administrative judge's error in this regard similarly is not a basis for review.

## NOTICE OF APPEAL RIGHTS[10]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Jennifer Everling

FOR THE BOARD:                     _____
                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.